IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL PEREZ,

    Plaintiff,      No. CIV S-10-0349 EFB P

  vs.

GANDY, et al.,

    Defendants.   <u>ORDER</u>

_____/

  Samuel Perez, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I. Request to Proceed In Forma Pauperis**

  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Rodriguez, Eisen, Smith, Edwards and Sheila.

For the reasons stated below, the complaint does not state a cognizable claim against defendants Gandy, Abraham, Wedell, Singh, Cooper, Michael, Ali, Mognadden, or Sehota. These claims will therefore be dismissed with leave to amend.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

1   framework of a complaint, they must be supported by factual allegations, and are not entitled to

2   the assumption of truth. *Id.* at 1950.

3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

5   the alleged violation was committed by a person acting under the color of state law. *West v.*

6   *Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim

7   unless the facts establish the defendant's personal involvement in the constitutional deprivation

8   or a causal connection between the defendant's wrongful conduct and the alleged constitutional

9   deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d

10   740, 743-44 (9th Cir. 1978).

11       Plaintiff's complaint concerns the alleged denial and delay of adequate medical care in

12   connection with his diagnosis of skin cancer.  To state a section 1983 claim for violation of the

13   Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions

14   sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v.*

15   *Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs

16   were objectively serious, and that defendant possessed a sufficiently culpable state of mind.

17   *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th

18   Cir. 1992).  A serious medical need is one that significantly affects an individual's daily

19   activities, an injury or condition a reasonable doctor or patient would find worthy of comment or

20   treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974

21   F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104

22   F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

23       Deliberate indifference may be shown by the denial, delay or intentional interference

24   with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United*

25   *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

26   must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges that after he noticed marks appearing on his face and chest, with "small leaks of blood and pain in the infected area," he was examined by defendants Gandy and Abraham, both nurses, who denied plaintiff's request to be seen by a doctor or a specialist. Compl. at 6.  These allegations, alone, do not suggest that Gandy and Abraham were deliberately indifferent to plaintiff's serious medical needs, as plaintiff does not allege that these defendants denied him adequate medical treatment or knew that a substantial risk of serious harm existed by not referring plaintiff to a doctor.  As for defendant Wedell, plaintiff alleges only that he is a doctor who diagnosed plaintiff as having a "sort of rash" and prescribed plaintiff a skin cream, which proved ineffective in treating plaintiff's condition, later diagnosed as skin cancer.

////

1   Plaintiff's allegations against defendant Wedell are also insufficient, as they do not suggest that

2   Wedell acted with deliberate indifferent to plaintiff's serious medical needs.

3       Plaintiff appears to name Mognadden and Sehota as defendants based upon their

4   handling of plaintiff's inmate appeal regarding his medical issues.  However, plaintiff may not

5   impose liability on defendants simply because they played a role in processing plaintiff's inmate

6   appeals, as there are no constitutional requirements regarding how a grievance system is

7   operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's

8   claimed loss of a liberty interest in the processing of his appeals does not violate due process

9   because prisoners lack a separate constitutional entitlement to a specific prison grievance

10   system).

11       Finally, plaintiff names Singh, Cooper, Michael and Ali as defendants, but fails to allege

12   how these defendants were personally involved in violating his rights.  It is plaintiff's

13   responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss*

14   *v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  Since plaintiff does not make any factual

15   allegations as to these defendants, he cannot proceed against them unless he cures these

16   deficiencies in an amended complaint.

17       Plaintiff may proceed forthwith to serve defendants Rodriguez, Eisen, Smith, Edwards

18   and Sheila and pursue his claims against only those defendants or he may delay serving any

19   defendant and attempt to state cognizable claims against defendants Gandy, Abraham, Wedell,

20   Singh, Cooper, Michael, Ali, Mognadden, and Sehota.  The court notes that the complaint

21   includes allegations against additional individuals, such as Edmonson, Bakewell, Eckerling and

22   McAlpine.  However, none of these individuals are identified as defendants in this action.

23   Plaintiff's amended complaint, should he file one, must clearly identify the individuals he

24   intends to name as defendants.  Plaintiff must also include sufficient factual allegations linking

25   each defendant to an act or omission that would indicate a deprivation of plaintiff's federal

26   rights.

1      If plaintiff elects to amend his complaint as provided herein, he has 30 days to do so.   He

2  is not obligated to amend his complaint.   However, if plaintiff elects to proceed forthwith against

3  defendants Rodriguez, Eisen, Smith, Edwards and Sheila, against whom he has stated a

4  cognizable claim for relief, then within 30 days he must return materials for service of process

5  enclosed herewith.   In this event the court will construe plaintiff's election as consent to

6  dismissal of all claims against defendants Gandy, Abraham, Wedell, Singh, Cooper, Michael,

7  Ali, Mognadden, and Sehota, without prejudice.

8      Any amended complaint must adhere to the following requirements:

9      It must be complete in itself without reference to any prior pleading.   E.D. Cal. Local

10  Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).   Once plaintiff files an amended

11  complaint, the original pleading is superseded.

12      It must show that the federal court has jurisdiction and that plaintiff's action is brought in

13  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

14  contain a request for particular relief.   Plaintiff must identify as a defendant only persons who

15  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

16  *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

17  he does an act, participates in another's act or omits to perform an act he is legally required to do

18  that causes the alleged deprivation).

19      It must contain a caption including the name of the court and the names of all parties.

20  Fed. R. Civ. P. 10(a).

21      Plaintiff may join multiple claims if they are all against a single defendant.   Fed. R. Civ.

22  P. 18(a).   If plaintiff has more than one claim based upon separate transactions or occurrences,

23  the claims must be set forth in separate paragraphs.   Fed. R. Civ. P. 10(b).   Plaintiff may join

24  multiple claims if they are all against a single defendant.   Fed. R. Civ. P. 18(a).   Unrelated claims

25  against different defendants must be pursued in multiple lawsuits.   "The controlling principle

26  appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

at 607 (no "buckshot" complaints).

    The allegations must be short and plain, simple and direct and describe the relief plaintiff

seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

*County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

including many defendants with unexplained, tenuous or implausible connection to the alleged

constitutional injury or joining a series of unrelated claims against many defendants very likely

will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

these instructions.

    Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).  By signing an amended

complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

allegations and that for violation of this rule the court may impose sanctions sufficient to deter

repetition by plaintiff or others.  Fed. R. Civ. P. 11.

    A prisoner may bring no § 1983 action until he has exhausted such administrative

remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory. *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Rodriguez, Eisen, Smith, Edwards and Sheila.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Gandy, Abraham, Wedell, Singh, Cooper, Michael, Ali, Mognadden, or Sehota are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obligated to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Rodriguez, Eisen, Smith, Edwards and Sheila.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed February 10, 2010, five USM-285 forms and instructions for service of process on defendants Rodriguez, Eisen, Smith, Edwards and Sheila.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the February 10, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Rodriguez, Eisen, Smith, Edwards and Sheila will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Gandy, Abraham, Wedell, Singh, Cooper, Michael, Ali, Mognadden, and Sehota without prejudice.

1          5.  Failure to comply with this order will result in this action being dismissed.

2   Dated:  September 14, 2010.

3

4                                          EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL PEREZ,

        Plaintiff,               No. CIV S-10-0349 EFB P

    vs.

GANDY, et al.,

        Defendants.        <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

      In accordance with the court's order filed _____, plaintiff hereby elects to:

      (1)  _____   consent to the dismissal of defendants Gandy, Abraham, Wedell, Singh, Cooper, Michael, Ali, Mognadden, or Sehota without prejudice, and submits the following documents:

                     <u>  1  </u>        completed summons form

                     <u>  5  </u>        completed forms USM-285

                     <u>  6  </u>        copies of the February 10, 2010 Complaint

      <u>**OR**</u>

      (2)  _____   delay serving any defendant and files an amended complaint in an attempt to state cognizable claims against defendants Gandy, Abraham, Wedell, Singh, Cooper, Michael, Ali, Mognadden, and Sehota.

Dated:

                                              _____
                                                Plaintiff