IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL PEREZ,

        Plaintiff,                No. CIV S-10-0349 WBS EFB P

    vs.

GANDY, et al.,

        Defendants.           FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.

        On November 4, 2011, defendants filed a motion to compel plaintiff to respond to interrogatories and requests for production and to appear for deposition. Plaintiff failed to oppose the motion. On December 16, 2011, the court informed plaintiff of the requirement to file an opposition to the motion to compel. That order warned plaintiff that failure to file an opposition to the motion would result in a recommendation that this action be dismissed without prejudice. The time for acting has passed and plaintiff has failed to file an opposition or otherwise respond to the court's order.

        Additionally, on November 22, 2011, mailed directed to plaintiff at his current address was returned by the Postal Service marked "RTS - Not Deliverable as Addressed; Unable to

1

Forward." It appears plaintiff has failed to notify the court of a change in his current address. Under Local Rule 183(b), "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." More than 63 days have passed and plaintiff has failed to file a notice of change of address.

For all the foregoing reasons, it appears plaintiff has abandoned the case.

Accordingly, it is hereby RECOMMENDED that:

1. This action be dismissed for failure to prosecute, failure to comply with court orders and failure to keep the court apprised of his current address. *See* Fed. R. Civ. P. 41(b); Local Rules 110, 183(b).

2. Defendants' motion to dismiss, Dckt. No. 32, and defendants' motion for summary judgment, Dckt. No. 34, be denied as moot.

3. Defendants' motion to compel, Dckt. No. 27, be denied as moot.

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2